# NO. 12-18-00234-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ALOYSIUS WAYNE MURRAY, JR.,*<br>*APPELLANT* | § | *APPEAL FROM THE 87TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Aloysius Wayne Murray, Jr. appeals his convictions for tampering with physical evidence and evading arrest or detention with a previous conviction. In one issue, Appellant argues that his sentences are grossly disproportionate to his offenses. We affirm.

## BACKGROUND

Appellant was charged by indictment with tampering with physical evidence and evading arrest or detention with a previous conviction. He pleaded "not guilty" to the offenses, and the matter proceeded to a jury trial. The jury found Appellant "guilty" as charged. Appellant subsequently pleaded "true" to two enhancement paragraphs, and the jury assessed his punishment at imprisonment for forty-five years in the tampering case and imprisonment for fifteen years and a $1,000.00 fine in the evading case. This appeal followed.

## CRUEL AND UNUSUAL PUNISHMENT

In his sole issue, Appellant argues that the trial court violated the constitutional prohibition against cruel and unusual punishment by sentencing him to imprisonment for forty-five years and fifteen years, respectively. *See* U.S. CONST. amend. VIII; TEX. CONST. art. I, § 13. Specifically, he contends that his sentences are grossly disproportionate to his offenses, considering the facts

and circumstances of the offenses and compared with sentences imposed on other defendants for the same offenses. *See Solem v. Helm*, 463 U.S. 277, 292, 103 S. Ct. 3001, 3011, 77 L. Ed. 2d 637 (1983).

The State first argues that Appellant failed to preserve his error for our review by a timely objection or motion in the trial court. When a defendant fails to object to the disproportionality of his sentence in the trial court, he forfeits such error on appeal. *See* TEX. R. APP. P. 33.1; *Solis v. State*, 945 S.W.2d 300, 301-02 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd); *see also Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (Texas cruel or unusual punishment error forfeited where defendant failed to object); *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (Eighth Amendment cruel and unusual punishment error not preserved where defendant failed to object). Here, Appellant did not object in the trial court to the disproportionality of his sentence. Therefore, any error in this regard is forfeited. *See id.*

The State argues in the alternative that Appellant's sentences are not grossly disproportionate to his offenses. We agree and conclude that even if Appellant preserved error, his sentence does not constitute cruel and unusual punishment. The Eighth Amendment to the Constitution of the United States provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. This provision was made applicable to the states by the Due Process Clause of the Fourteenth Amendment. *Meadoux v. State*, 325 S.W.3d 189, 193 (Tex. Crim. App. 2010) (citing *Robinson v. California*, 370 U.S. 660, 666-67, 82 S. Ct. 1417, 1420-21, 8 L. Ed. 2d 758 (1962)). The legislature is vested with the power to define crimes and prescribe penalties. *See Davis v. State*, 905 S.W.2d 655, 664 (Tex. App.—Texarkana 1995, pet. ref'd); *see also Simmons v. State*, 944 S.W.2d 11, 15 (Tex. App.—Tyler 1996, pet. ref'd). Courts have repeatedly held that punishment assessed within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Davis*, 905 S.W.2d at 664.

In this case, Appellant was convicted of tampering with physical evidence, enhanced, the punishment range for which is twenty-five to ninety-nine years or life in prison. *See* TEX. PENAL CODE ANN. §§ 12.42(d) (West Supp. 2018), 37.09(a)(1), (c) (West 2016). Thus, the forty-five-year sentence imposed by the trial court falls within the range set forth by the legislature.

Therefore, the punishment is not prohibited as cruel, unusual, or excessive per se. *See Harris*, 656 S.W.2d at 486; *Jordan*, 495 S.W.2d at 952; *Davis*, 905 S.W.2d at 664.

Additionally, Appellant was convicted of evading arrest or detention with a previous conviction, enhanced, the punishment range for which is two to twenty years in prison. *See* TEX. PENAL CODE ANN. §§ 12.33(a) (West 2011), 12.425(b) (West Supp. 2018), 38.04(a), (b)(1) (West 2016). Thus, the fifteen-year sentence imposed by the trial court falls within the range set forth by the legislature. Therefore, the punishment is not prohibited as cruel, unusual, or excessive per se. *See Harris*, 656 S.W.2d at 486; *Jordan*, 495 S.W.2d at 952; *Davis*, 905 S.W.2d at 664.

Nevertheless, Appellant contends that his sentences are grossly disproportionate to his offenses because of his psychological history and because other offenders have received much shorter sentences for much more serious tampering and evading offenses.[1] We disagree.

In reviewing this case, we first consider whether Appellant's sentences are "grossly disproportionate" to his offenses. Under the three-part test originally set forth in *Solem*, the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. 463 U.S. at 292, 103 S. Ct. at 3011. The application of the *Solem* test was modified by Texas courts and the Fifth Circuit Court of Appeals after the Supreme Court's decision in *Harmelin v. Michigan*, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) to require a threshold determination that the sentence is "grossly disproportionate" to the crime before addressing the second and third elements. *See, e.g.*, *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992), cert. denied, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); *see also Jackson v. State*, 989 S.W.2d 842, 845-46 (Tex. App.—Texarkana 1999, no pet.). This threshold determination is made by comparing the gravity of the offense to the severity of the sentence. *See McGruder*, 954 F.2d at 316. Thus, Appellant's psychological history and the sentences received by others are not factors that we consider in determining whether his sentences are grossly disproportionate. *See id.*

In determining whether Appellant's sentences are grossly disproportionate, we are guided by the holding in *Rummel v. Estell*. 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980). In *Rummel*, the Supreme Court considered the proportionality claim of an appellant who received a

---

[1] Although we decide this case without considering the sentences of other offenders, we note that Appellant offers no support for his contention that other offenders have received much shorter sentences for much more serious tampering and evading offenses.

mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. *See id.*, 445 U.S. at 266, 100 S. Ct. at 1135. A life sentence was imposed because the appellant also had two prior felony convictions—one for fraudulent use of a credit card to obtain $80.00 worth of goods or services and the other for passing a forged check in the amount of $28.36. *Id.*, 445 U.S. at 266, 100 S. Ct. at 1134-35. After recognizing the legislative prerogative to classify offenses as felonies and, further, considering the purpose of the habitual offender statute, the court determined that the appellant's mandatory life sentence did not constitute cruel and unusual punishment. *Id.*, 445 U.S. at 285, 100 S. Ct. at 1145.

In the case at hand, Appellant's offenses of tampering with physical evidence and evading arrest or detention with a previous conviction, along with his two enhancement offenses of possession of one to four grams of a penalty group one controlled substance, are at least as serious as the combination of offenses committed by the appellant in *Rummel*, yet Appellant's forty-five and fifteen year sentences are less severe than that upheld by the Supreme Court in *Rummel*. Thus, it is reasonable to conclude that if the sentence in *Rummel* was not unconstitutionally disproportionate, then neither are the sentences assessed against Appellant here. Therefore, the threshold test has not been satisfied, and we need not apply the remaining elements of the *Solem* test. *See McGruder*, 954 F.2d at 316; *see also Jackson*, 989 S.W.2d at 845-46. Accordingly, we overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

GREG NEELEY
Justice

Opinion delivered January 23, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 23, 2019**

**NO. 12-18-00234-CR**

**ALOYSIUS WAYNE MURRAY, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 87th District Court

of Anderson County, Texas (Tr.Ct.No. 87CR-17-33398)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*